IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADAM MUSKOVITZ, an individual;
WENDY MUSKOVITZ, an individual,

        Plaintiffs,

    v.

HOMEAMERICANCREDIT, INC., a
Pennsylvania corporation; WELLS
FARGO BANK, N.A., a corporation;
NDEx WEST, LLC; and DOES 1
through 25, inclusive,

        Defendants.

2:12-cv-01630-GEB-CKD

<u>ORDER TO SHOW CAUSE AND
CONTINUING STATUS (PRETRIAL
SCHEDULING) CONFERENCE; FED.
R. CIV. P. 4(M) NOTICE</u>

        The June 19, 2012 Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case on October 15, 2012, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. The June 19th Order further required that a status report be filed regardless of whether a joint report could be procured. No status report was filed as ordered.

        Therefore, Plaintiffs and Defendant Wells Fargo Bank N.A. are each Ordered to Show Cause ("OSC") in a writing to be filed no later than October 15, 2012, why sanctions should not be imposed against them and/or their counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether the parties and/or their counsel are

at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on December 17, 2012, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A status report shall be filed no later than fourteen (14) days prior to the status conference.

Further, Plaintiffs are notified under Rule 4(m) of the Federal Rules of Civil Procedure that failure to serve Defendants HomeAmericanCredit, Inc. and NDEx West, LLC with process within the 120 day period prescribed in that Rule may result in the unserved defendants being dismissed. To avoid dismissal of Defendants HomeAmericanCredit, Inc. and NDEx West, LLC, Plaintiffs shall file proof of service or a sufficient explanation why service was not effected within Rule 4(m)'s prescribed service period on or before October 19, 2012, and November 16, 2012, respectively.

IT IS SO ORDERED.

Dated:  October 10, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).